IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


CELL Film Holdings, LLC,          :

        Plaintiff,                :

    v.                            :    Case No. 2:16-cv-878

                                  :    JUDGE MICHAEL H. WATSON
John Does, 1-18,                       Magistrate Judge Kemp

        Defendant.                :


ORDER

    This matter is before the Court on the motion for leave to
take discovery prior to the Rule 26(f) conference filed by
plaintiff CELL Film Holdings, LLC.  For the following reasons,
the motion for leave (Doc. 4) will be granted.

                            I.

    This is a copyright infringement case involving the file
transfer technology known as BitTorrent.  The use of this
technology, which allows peer-to-peer file sharing, has resulted
in much litigation.  See, e.g., Third Degree Films, Inc. v. John
Does 1-72, 2013 WL 1164024 (E.D. Michigan March 18,
2013)(provides detailed explanation of BitTorrent file-sharing
protocol).  The focus of the litigation has been the alleged use
of this technology to unlawfully reproduce and distribute via the
internet copyrighted motion pictures.  One motion picture has
been identified as at issue in this case.  See Exhibits 1 and 2
to Complaint (Doc. 1).

    In this case, CELL Film Holdings, LLC has identified
eighteen Doe defendants by their internet protocol (IP) addresses
assigned by various internet service providers (ISP) including
WideOpenWest, Frontier Communications, Comcast Cable, and
CenturyLink.  CELL Film Holdings has attached to its complaint

the ISP for each defendant, the torrent files copied and distributed, and the location at the time of the allegedly infringing downloads. Through its current motion, CELL Film Holdings seeks to serve a Rule 45 subpoena on the above service providers to uncover the identity of the account holder of each IP address, including name, current and permanent addresses, telephone numbers and email addresses. CELL Film Holdings states that any information disclosed in response to the subpoena will be used only for the purpose of protecting its rights under the Copyright Act.

II.

Fed.R.Civ.P. 26(d) provides generally that discovery may not begin prior to the Rule 26(f) conference. However, Rule 26(d) also provides that expedited discovery may be conducted prior to that conference when authorized by court order. Consequently, a district court has the discretion to permit discovery prior to a Rule 26(f) conference. See, e.g., Qwest Communs. Int'l Inc. v. Worldquest Networks, Inc., 213 F.R.D. 418, 419 (D. Colo. 2003). Courts within the Sixth Circuit require a showing of good cause in order to authorize expedited discovery. Tesuco Holdings Ltd. v. Does 1-12, 2012 WL 6607894 (E.D. Tenn. December 18, 2012).

Good cause may be found based upon "(1) allegations of copyright infringement, (2) the danger that the ISP will not preserve the information sought, (3) the narrow scope of the information sought, and (4) the conclusion that expedited discovery would substantially contribute to moving the case forward." Best v. Mobile Streams, Inc., 2012 WL 5996222, *1 (S.D. Ohio November 30, 2012), citing Arista Records, LLC v. Does 1-9, 2008 WL 2982265 (S.D. Ohio July 29, 2008). Courts also look to whether evidence would be lost or destroyed with time and whether the proposed discovery is narrowly tailored. Id.; see also Arista Records, LLC v. Does 1-15, 2007 WL 5254326 (S.D. Ohio

-2-

May 17, 2007).

CELL Film Holdings contends that it has demonstrated good cause under the standards described above. On this issue, CELL Film Holdings asserts that it can show irreparable harm from the infringement of the copyrighted motion picture. According to CELL Film Holdings, it has a valid copyright in the motion picture, defendants had access to the film, and substantial similarity exists between its copyrighted work and the alleged infringing work. Further, CELL Film Holdings argues that the defendants will not be prejudiced by the proposed expedited discovery because it is narrowly tailored and sought for a very limited purpose. Finally, it contends that it has no other means for obtaining the identities of the Doe defendants.

CELL Film Holdings also argues that courts throughout the country have routinely granted motions for expedited discovery in actions against BitTorrent defendants. The Court's review of the authority cited by CELL Film Holdings indicates that this is generally true. Courts within the Sixth Circuit have found good cause and granted motions for expedited discovery in such actions as well. See, e.g., Vision Films, Inc. v. Does 1-16, 2013 WL 1385206 (E.D. Tenn. April 3, 2013); Malibu Media, LLC v. John Does 1-9, 2013 WL 142083 (E.D. Mich. January 11, 2013)(granting motion in part).

In granting expedited discovery in BitTorrent cases, courts have found several factors significant. One such factor is the specificity with which the defendants have been identified, including the assigned IP addresses, the date and time of the alleged illegal download, the hash identifier of the downloaded file, the ISP, and the location of the IP address. Also significant are the steps taken by the plaintiff to locate and identify the Doe defendants. Further, courts have looked to whether the elements of a copyright infringement claim have been

-3-

pled.  Courts also have considered whether the proposed discovery seeks information likely to lead to information which would allow a plaintiff to effectuate service on the defendants.  Finally, courts have considered the likelihood of prejudice to any alleged infringers.  See, e.g., Vision Films, 2013 WL 1385203, at *2.

As noted above, in the exhibits to its complaint, CELL Film Holdings provides the IP addresses assigned to the Doe defendants, the date and time of the downloads at issue, the hash identifier, the ISP, and the location of the IP address.  The Court concludes that, based on this information, CELL Film Holdings has identified the Doe defendants with sufficient specificity.  Further, based on the declaration of Daniel Macek, a consultant to Crystal Bay Corporation, a forensic investigation service, CELL Film Holdings has described in detail its efforts to identify the Doe defendants.  Additionally, CELL Film Holdings has pled a copyright infringement claim.  Finally, CELL Film Holdings has demonstrated that the information it seeks is likely to lead to information which will allow it to identify and perfect service on the Doe defendants.

Given CELL Film Holdings' stated purpose in seeking this information, there is no suggestion that the Doe defendants would be prejudiced by allowing such limited expedited discovery.  Rather, as the Court explained in Malibu Media, LLC v. John Does 1-23, 2012 WL 1144822, *2 (D. Colo. April 4, 2012),

> Much like the Arista Records defendants,
> Defendants here have engaged in anonymous online
> behavior, which will likely remain anonymous unless
> Plaintiff is able to ascertain their identities.  Thus,
> Plaintiff reasonably believes that there are no
> practical methods to discover Defendants' identities
> without court-ordered discovery.  Accordingly, because
> it appears likely that Plaintiff will be thwarted in
> its attempts to identify Defendants without the benefit
> of formal discovery mechanisms, the court finds that
> Plaintiff should be permitted to conduct expedited
> discovery, pursuant to Fed.R.Civ.P. 45, for the limited

-4-

purpose of discovery the identities of Defendants.

Taking all of the above into account, the Court concludes that CELL Film Holdings has demonstrated good cause for the expedited discovery. Consequently, the motion for leave to take discovery will be granted.

III.

For the reasons stated above, the motion for leave to take discovery (Doc. 4) is granted. The plaintiff may serve immediate discovery on WideOpenWest, Frontier Communications, Comcast Cable, and CenturyLink and on later-discovered or intermediary internet service providers in order to obtain the identity of the Doe defendants by serving a Rule 45 subpoena seeking documents including the name, current (and permanent) addresses and telephone numbers, and e-mail addresses for the defendant. The disclosure of this information is ordered pursuant to 20 U.S.C. 1232g(b)(2)(B) where applicable to educational institutions. Any such information disclosed may be used by plaintiff solely for the purpose of protecting plaintiff's rights under the Copyright Act.

/s/ Terence P. Kemp
United States Magistrate Judge